Oyniso AVEZOVA, Petitioner,

v.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–70877.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2005.**

Decided June 28, 2005.

Jonathan D. Montag, Esq., Law Offices
of Jonathan D. Montag, San Diego, CA, for
Petitioner.

District Director, Office of the District
Counsel, Department of Homeland Securi-
ty, San Diego, CA, Ronald E. LeFevre,
Chief Counsel, Office of the District Coun-
sel, Department of Homeland Security,
San Francisco, CA, Christopher C. Fuller,
Janice K. Redfern, Esq., Hillel R. Smith,
Esq., U.S. Department of Justice, Office of
Immigration Litigation, Washington, DC,
for Respondent.

Before: KLEINFELD, TASHIMA and
THOMAS, Circuit Judges.

MEMORANDUM ***

Oyniso Avezova, a native and citizen of
Uzbekistan, petitions for review of the

---

* Alberto R. Gonzales is substituted for his pre-
decessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

** This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

 Avezova contends that the IJ erred in finding her ineligible for asylum. We disagree. Substantial evidence supports the IJ's conclusion that Avezova failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See Gormley v. Ashcroft,* 364 F.3d 1172, 1178 (9th Cir. 2004); *Nagoulko v. INS,* 333 F.3d 1012, 1016 (9th Cir.2003). While Avezova claims that she and her family were mistreated by "the authorities" in the past because she is a multi-ethnic, non-Muslim woman, she has failed to meaningfully identify the perpetrators of any of the harm she suffered or any nexus between the alleged harm and a protected category. *See Ochave v. INS,* 254 F.3d 859, 865–66 (9th Cir.2001). With respect to a well-founded fear of future persecution, Avezova did not establish that any group to which she belongs is subject to the systematic government-sanctioned mistreatment that is required to demonstrate a "pattern or practice" of persecution. *See Kotasz v. INS,* 31 F.3d 847, 852–53 (9th Cir.1994); 8 C.F.R. § 208.13(b)(2)(iii)(A). To the extent that Avezova contends that she is a member of a disfavored group, we lack jurisdiction to review this claim because Avezova did not raise it before the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Because Avezova failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Avezova has waived her claim for protection under the Convention by failing to raise any arguments in the opening brief challenging the denial of this claim. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

PETITION FOR REVIEW DENIED.